JULY 18, 1801.

# J. and D. Bradford v. McCracken's Heirs.

*Upon an appeal from a decree of the Lexington District Court.*

1. Where an entry called to include an improvement at a certain spring, and to bind on P. H.'s survey, and P. H. had two surveys in the neighborhood, it will be presumed that the survey nearest the spring was intended.

2. Where an entry included a certain spring and was to adjoin a survey lying to the southward of the spring, it should be so surveyed as to lie in equal parts on each side of a line running from the spring to meet the line of the

neighboring survey at a right angle; the northern line of the neighboring survey to be the southern line of the entry, and a line parallel thereto, so run as to just include the spring, to be the northern line of the entry, and to extend laterally for quantity.

In this suit it appears that the appellants, who were defendants in the said district court, rely solely on their having the eldest patent for the land in contest; and consequently, that the decision of the suit must be founded on the location with the commissioners, or with the surveyor, which was made by William M'Cracken, from whom the appellees derive their claim. The district court has founded its decree on the location with the commissioners; whereas, from the land law, and the decree in the case of *M' Clenehan* against *Litton*, and in some others, it seems to this court that the decree should rather have been confined to the location with the surveyor, so far at least as the calls of one are materially different from those of the other; more especially as the latter was made after the passage of the act which expressly authorizes preemption warrants, to be located on any unappropriated lands, without their being exchanged.

The location with the surveyor was made on the north fork of Elkhorn, to include William M'Cracken's improvement, and to join Patrick Henry's north line. The call on the north fork of Elkhorn points out the part of the country where the claim lay; and taken alone it might be supposed that the land lay on both sides of that water course: this supposition may, however, be destroyed by the other calls. The next call is to include William M'Cracken's improvement. This call is rendered uncertain, by M'Cracken having two improvements near each other, whereas he calls for but one. But as the location with the commissioners fixes his pre-emption at the Cave spring, where one of the improvements was situated, and the call in the entry with the surveyor to include his improvement, is not an express departure from it, it seems that the improvement at the Cave spring must be the improvement intended in the entry, and which is so designated in the connected plat exhibited in the cause. The last call to join Patrick Henry's north line is also uncertain, it appearing that Patrick Henry had two surveys in the neighborhood of M'Cracken's improvements; but it is conceived that the one nearest to those improvements ought to be considered as the survey intended.

From the calls of M'Cracken's entry with the survey thus ascertained, the court is of opinion that the survey thereon should have been made to lie in equal parts on each side of a line run from the said Cave spring to meet Henry's said line at right angles; that the northern boundary of the survey should just have included the Cave spring, and that the southern boundary should have been Henry's said line, and the course thereof continued eastwardly, until the survey was completed, which it appears, from the connected plat, would be considerably variant from the survey ordered to be made by the district court.

Wherefore, it is decreed and ordered, that the said decree of the said district court be reversed, and that the appellants recover of the appellees their costs in this behalf expended; and it is further decreed and ordered, that the suit be remanded to the court from whence it came, that the said court cause to be ascertained the quantity, metes and bounds of the interference of the surveys which have been made by the parties, so far as a survey made conformably to the foregoing opinion shall also interfere, and enter up a decree accordingly for the said appellees, and decree and order, in the cause, whatever else law and equity shall require, which is ordered to be certified to the said court.