## J. B. Turley *v.* W. I. Hornsby *et als.*

Action.  *Suit against endorsers.*  Suit against endorsers of a promissory note is a transitory action, and an endorser may be served with original summons in any county where he may be found, and a counterpart may be issued to another county to be served on other endorsers, but not on the maker of the note.

FROM KNOX.

Appeal in error from the Circuit Court of Knox county.  E. T. Hall, J.

H. H. Taylor for Turley.

Houk & Gibson for Hornsby.

Freeman, J., delivered the opinion of the court.

This suit is brought in Knox county against parties to the note on which the action is based, and presents the following state of facts: W. B. Love was the maker of the note, payable to W. I. Hornsby, and it was successively endorsed by the other parties to plaintiff.

Love being the sole maker, comes and pleads that he was served with a counterpart summons sent from Knox county to the county of Roane, and that the original summons had not been served on any joint maker or drawer of the paper.  This plea commences with the statement that defendant comes by attorney as well as in his own proper person, etc.  It is con-

ceded to be good, unless, the objection is well taken that it should be pleaded in person under the rule held in the case of *Shelby and Collins* v. *Johnson and Burk*, 7 Hum., 505. We do not think this objection well taken, as the fact that it is stated by attorney as well as in proper person, would only be surplusage as to the first statement, and could not vitiate that which was otherwise good. Besides, under the law as it now stands, by which all formal objections to pleadings are abolished, this court is forbidden to reverse except for matter of substance, and all pleadings held good that in plain language state a substantial cause of action or defense, it may well be doubted if it is not certainly true whether such an objection would now be good in any case. The matter of the plea is good. The objection is merely to the form in which it is stated.

The other three defendants come and plead to the jurisdiction of the court that the sole maker of the note, Love, was not served with process or original summons in the county of Knox, but with a counterpart in Roane county, and the original summons served only on W. I. Hornsby in the said county of Knox, he being only an endorser of the paper, and all the endorsers were citizens of Anderson county. To this plea there was a demurrer, which claimed that plaintiff had the right to sue Hornsby as such endorser, and the other endorsers be served with counterparts. The demurrer was overruled, and the plaintiff refusing to reply, the suit was abated. It is proper to say a demurrer had been filed likewise to the first plea,

which was overruled. This plea was good, and the court erred in this part of his judgment.

The only question now made is, whether the last plea is good, conceding the matter of the first plea to be a defense for the maker. It is insisted this is a transitory action under sec. 2808 of the Code, and the right of action follows the person. That section, however, adds, unless otherwise provided.

It was held under the proviso of the act of 1820, providing that a counterpart might be issued to another county, when the suit is brought in a county where one of the defendants in fact resides, that when service had been had on a resident party in the county, but the suit dismissed as to him, the parties served with a counterpart could plead this in abatement, even after a plea in bar. 1 Sneed, 40, 41. It is now insisted that the language of this *proviso* is not carried into the Code, and the law remains as it was under the act of 1809, a party being liable to be sued either at law or in equity where he may be found, and a counterpart issued to any other county. The fact is that this proviso is not carried into the Code. See secs. 2821 and 2902, and sub. secs. Upon examination we find no provision of the Code meeting such a case as this. In order to the abatement of a suit, the party in a case like this must show a statute requiring it, the general rule being that in transitory actions, as contradistinguished from local, the suit is properly brought wherever service can be had on the person. If the suit is properly brought against the endorser Hornsby, then counterpart may

as well issue to any other county as to the endorsers, no law forbidding it.

The result is, that the demurrer was improperly overruled as to the last plea, and the judgment is reversed.